## No. 8587.

### COOKE ET AL. *v.* GRAND VALLEY NATIONAL BANK.

BUILDER'S CONTRACT—*Construed.* Contracting builder agrees to obtain bids for the work and material required for the erection of a building, and to pay the cost of the building in excess of a specified sum. The cost exceeding this limit, the contractor is liable for the excess, less the cost of extras, additional cost by changes from the plans specified in the contract, and other additions to the cost to which the owner consented, including additional cost occasioned by delays to which the owner consented.

*Error to Denver District Court, Hon. John H. Denison, Judge.*

*En banc.*

Mr. RALPH W. SMITH, Messrs. DOUD & FOWLER and Messrs. GOLDING FAIRFIELD, for plaintiffs in error.

Messrs. SCHUYLER & SCHUYLER and Mr. WILLIAM R. EATON, for defendant in error.

Opinion by Mr. Justice Teller.

THE defendant in error recovered a judgment against the plaintiffs in error in an action based upon the following state of facts.

The Bank entered into a contract with plaintiff in error Cooke by which he was to construct for it a banking building, within a specified time, at a maximum cost of $90,446. Said Cooke was to obtain bids for the work and material

required, to be submitted to and approved by the architect in charge, and was to receive for his services a commission of six per cent on the guaranteed cost of said building. He agreed to pay all the cost of the building in excess of said stated sum.

The suit was on the bond given by Cooke and the Surety Company to secure the performance of the terms of said contract. The complaint alleges that Cooke violated the contract in that the total cost of the building was $15,-514.70 in excess of the guaranteed maximum cost specified in the contract and prayed judgment for that amount.

The answer alleges that material alterations were made in the plans which increased the cost of the building in the sum of more than $23,000. The answer describes some of the changes, and charges that a part of the steel work cost more than it would have cost, had the architect made proper reduction from the bill of the contractor therefor, as defendant requested him to do; and, finally, alleges that the increased cost was wholly due to the changes made in the plans by, or with, the consent of the bank or its architect. A counter-claim filed with the answer demanded judgment for $26,767.58.

The cause was referred to a referee who reported that the excess cost of the buildings, for which the defendant Cooke was liable was $13,303.75; that the plaintiff was entitled to damage aggregating over $6,000 in addition to the excess payments above mentioned, and that defendants be allowed nothing on the counter claim. Motions were filed by both parties seeking a modification of the report, and on argument thereof, the court held that "the plaintiffs measure of damages is the excess of actual cost over the contract limit of $90,446. But from this must be deducted the cost of all extras; the additional cost caused by changes made under the contract; the additional cost, if any, in which plaintiff participated, or to which plaintiff consented, including the additional cost if any, caused by delay in the cause of which plaintiff participated or to which it consented."

The decree modified the report of the referee so that the

plaintiff recovered $4,283.31, with interest from September 15, 1911.

Judgment was accordingly entered in favor of plaintiff in the sum of $5,430.38. Both sides assigned errors, and the case has been elaborately argued both as to the law and the facts.

Upon a careful review of the record and full consideration of the briefs, we are of the opinion that the findings of the trial court are sustained by the evidence, and that the law was correctly applied thereto.

The judgment is accordingly affirmed.

*Affirmed.*

Mr. Justice Allen not participating.